AF Approval __JM__                                    Chief Approval __CB__

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 6:25-cr-55-JSS-DCI

ITALO RAFAEL BRETT BONINI

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Gregory W. Kehoe, United States Attorney for the Middle District of Florida,

and the defendant, ITALO RAFAELBRETT BONINI, and the attorney for

the defendant, Tracey Kagan, Esq., mutually agree as follows:

### A.    Particularized Terms

1.    Count(s) Pleading To

The defendant shall enter a plea of guilty to Counts One and

Two of the Indictment.  Count One charges the defendant with enticement of

a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).

Count Two charges the defendant with production of child pornography, in

violation of 18 U.S.C. § 2251(a).

2.    Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of

imprisonment of 10 years up to life, a fine of $250,000, a term of supervised

Defendant's Initials _____ $\mathcal{IB}$

release of at least 5 years up to life, and a special assessment of $100 per felony count for individuals, and $400 per felony count for persons other than individuals, such as corporations.

Count Two is punishable by a mandatory minimum term of imprisonment of 15 years up to 30 years, a fine of $250,000, a term of supervised release of at least 5 years up to life, and a special assessment of $100 per felony count for individuals, and $400 per felony count for persons other than individuals, such as corporations.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

Defendant's Initials _𝒯ℬ_____          2

3.    Elements of the Offenses

The defendant acknowledges understanding the nature and

elements of the offenses with which defendant has been charged and to which

defendant is pleading guilty. The elements of Count One are:

First:    The defendant knowingly persuaded, induced, enticed, or coerced the individual named in the indictment to engage in sexual activity;

Second:    The defendant used a facility of interstate commerce to do so;

Third:    When the defendant did these acts, the individual named in the indictment was less than 18 years old; and

Fourth:    One or more of the individuals engaging in the sexual activity could have been charged with a criminal offense under the laws of the United States.

The elements of Count Two are:

First:    An actual minor, that is, a real person who was less than 18 years old, was depicted;

Second:    The defendant employed, used, persuaded, induced, enticed, or coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

Third:    The defendant knew or had reason to know that such visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce, or the visual depiction was produced using materials that had been mailed, shipped or transported in interstate or foreign commerce by any means, including computer, or the visual depiction was mailed or actually transported in interstate or foreign commerce.

Defendant's Initials **JB**                    3

4.    Counts Dismissed

At the time of sentencing, the remaining count(s) against the defendant, Count Three, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5.    Restitution to Any Minor Victim of Offenses Committed by Defendant, Whether Charged or Uncharged

Pursuant to 18 U.S.C. §§ 2248, 2259, 2429, 3663(a)(3), 3663A(a)-(b), and 3664, the defendant agrees to make full restitution to any and all minor victims of his offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Moreover, the defendant agrees to pay restitution to any of his minor victims for the entire scope of his criminal conduct, including, but not limited to, all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct includes any minor victim of any child pornography offense, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal or state law committed by the defendant, including any contact sexual offense, if any. At this time, CV-1 and CV-2 have been identified and the defendant has been charged for his criminal conduct as it relates to CV-1 and CV-2. The defendant understands and agrees that

Defendant's Initials ___IB___          4

identification of further victims is ongoing. The defendant further understands

and agrees that he may face charges as additional victims are identified,

regardless of his agreement here to pay restitution to these victims. Further,

pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose

bifurcation of the sentencing hearing if the victims' losses are not ascertainable

prior to sentencing.

6.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse

information is received suggesting such a recommendation to be unwarranted,

the United States will recommend to the Court that the defendant receive a

two-level downward adjustment for acceptance of responsibility, pursuant to

USSG § 3E1.1(a). The defendant understands that this recommendation or

request is not binding on the Court, and if not accepted by the Court, the

defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level

prior to operation of subsection (a) is level 16 or greater, and if the defendant

complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea

Agreement, including but not limited to, the timely submission of the financial

affidavit referenced in Paragraph B.5., the United States agrees to file a motion

pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional

Defendant's Initials ___$JB$___          5

level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

      7.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant 18 U.S.C. §§ 2253 and 2428, whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, the following: an Apple iMac desktop, which assets the defendant used to commit the offenses for which he is pleading guilty.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein

Defendant's Initials _J͟P͟_       6

constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

      The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

      The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

Defendant's Initials __IB__       7

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished

Defendant's Initials _IB_                    8

in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The defendant expressly consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that

Defendant's Initials _TB_          9

determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

8.    <u>Abandonment of Property - Computer Equipment</u>

The United States of America and defendant hereby agree that any computer equipment as defined in 18 U.S.C. § 2256, seized from the defendant and currently in the custody and/or control of the Federal Bureau of Investigation or other appropriate agency, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. §§ 2253 or 2254, and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime for which he has pled guilty.  As such, defendant hereby relinquishes all claim, title and interest he has in the computer equipment and peripherals to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Federal Bureau of Investigation, or other appropriate agency, to cause the computer equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that he is the sole and rightful owner of the

Defendant's Initials _____*IB*_____          10

property, and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of property seized by the Federal Bureau of Investigation pursuant to a search warrant, specifically an: (1) Apple iPhone 15 Pro Max, bearing serial number GP955WKD7M; (2) Apple MacBook Pro 13-inch, bearing serial number FVFWL58UHV27; (3) Apple iPad Pro 12.9-25GB, bearing serial number CH4PL62JMQ; and (4) Emtec USB flash drive.

9.    Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure

Defendant's Initials _JB_                    11

to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

10.    Removal - Consent and Cooperation

The defendant agrees and consents to removal from the United States following completion of the defendant's sentence and agrees to waive the defendant's rights to any and all forms of relief from removal or exclusion. The defendant further agrees to abandon any pending applications for relief from removal or exclusion, and to cooperate with the Department of Homeland Security during removal proceedings.

11.    Removal - Notification

The defendant has been advised and understands that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, the offense to which defendant is pleading guilty may be a removable offense. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that may result from the

Defendant's Initials _IB_                 12

defendant's guilty plea, even if the consequence is the defendant's automatic removal from the United States following completion of the defendant's sentence.

**B.    Standard Terms and Conditions**

    1.    Restitution, Special Assessment and Fine

        The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

Defendant's Initials _*JB*_      13

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The defendant understands that this agreement imposes no limitation as to fine.

    2.    Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

    3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

    4.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to

Defendant's Initials __*IB*__        14

comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.    Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state,

Defendant's Initials _IB_                    15

and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

 6. <u>Sentencing Recommendations</u>

  It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. The defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, the defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly

Defendant's Initials  _I𝛽_   16

reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

      7.    Defendant's Waiver of Right to Appeal the Sentence

      The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

      8.    Middle District of Florida Agreement

      It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and

Defendant's Initials $\underline{\mathcal{IB}}$       17

cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

     9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

     10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the

Defendant's Initials __*JB*__        18

right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Defendant's Initials _*IB*_    19

12.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this __17__ day of April, 2025.

GREGORY W. KEHOE
United States Attorney


_____
Italo Rafael Brett Bonini
Defendant


_____
Tracey Kagan, Esq.
Attorney for Defendant


Brandon Cruz
Assistant United States Attorney


Chauncey Bratt
Assistant United States Attorney
Deputy Chief, Orlando Division


Defendant's Initials _IB_                    20

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                      CASE NO. 6:25-cr-55-JSS-DCI

ITALO RAFAEL BRETT BONINI

PERSONALIZATION OF ELEMENTS

Count One, enticement of a minor to engage in sexual activity, in

violation of 18 U.S.C. § 2422(b):

1. Did you knowingly persuade, induce, entice, or coerce a minor to
   engage in sexual activity, as charged?

2. Did you use a computer to do so?

3. When you did these acts, was the individual named in the indictment
   less than 18 years old?

4. As a matter of law, it is a crime to produce child pornography as
   described in 18 U.S.C. § 2251(a). Based on that law, could one or more
   of the individuals engaging in sexual activity, in this case you, have
   been charged with a criminal offense under the laws of the United
   States?

Defendant's Initials _IB_                 21

Count Two, production of child pornography, in violation of 18 U.S.C.

§ 2251(a):

1. Was an actual minor, that is, a real person who was less than 18 years old, depicted?

2. Did you employ, use, persuade, induce, entice, or coerce the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct?

3. Did you know or have reason to know that such visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce, or was the visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including computer, or was the visual depiction mailed or actually transported in interstate or foreign commerce?

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 6:25-cr-55-JSS-DCI

ITALO RAFAEL BRETT BONINI

### FACTUAL BASIS

On or about January 12, 2025, in the Middle District of Florida, and elsewhere, the defendant, using a facility and means of interstate commerce, did knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense, specifically, the production of child pornography, in violation of 18 U.S.C. § 2251(a).

On or about January 12, 2025, in the Middle District of Florida and elsewhere, the defendant did employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by

Defendant's Initials _IB_            23

any means, including by computer, and the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce.

## A. Defendant's Discord Accounts

Discord is a popular online communication platform. The defendant has two known Discord accounts. One of the defendant's Discord accounts had the username "adrianbro2#0," which was registered to an email account belonging to the defendant, asanchez2021gamer@gmail.com, and to the defendant's phone number, +14074599220. The User ID for the "adrianbro2#0" Discord account is 1280476992300432192 6. The defendant registered the "adrianbro2#0" Discord account on September 3, 2024 at 10:38:08 UTC. The defendant registered the "adrianbro2#0" Discord account using IP address 142.197.243.180. The "adrianbro2#0" Discord account was last seen through IP address 35.145.117.140.

During an interview with the Federal Bureau of Investigation ("FBI"), the defendant admitted to remembering his "adrianbro2#0" Discord account and deleting it. The defendant also confirmed that the phone number associated with the "adrianbro2#0" Discord account belonged to him.

The defendant used his iMac desktop computer to create the "adrianbro2#0" Discord account, have video calls with the victims through the internet, and send messages to the victims.

## B. Initial Report of Sexual Exploitation

On January 18, 2025, a Maryland State Police Trooper was dispatched to the report of a computer crime involving children. The Maryland State Trooper arrived at the residence of CV-1 and CV-2 and made contact with the victims' father. The victims' father explained that CV-1 made a Discord account on January 12, 2025, while CV-1 stayed with his grandparents in Maryland. On January 18, 2025, the victims' father discovered messages between CV-1 and the Discord account with the screen name "asanchez1020" The Maryland State Trooper obtained the username and User ID for the Discord account with the screen name "asanchez1020."

On January 31, 2025, another Maryland State Trooper authored a search warrant for the contents of the Discord account with the screenname "asanchez1020." That search warrant was judicially endorsed and served on Discord that same day. Discord responded to the search warrant on February 3, 2025. Discord provided user details of the account. The information shows that "asanchez1020" was the screenname for the "adrianbro2#0" Discord account, which law enforcement traced back to the defendant. Discord also

Defendant's Initials _IB_          25

produced chat logs for the "adrianbro2#0" Discord account, including chats with CV-1 dating back to January 12, 2025.

### C. Chats and Call with CV-1

On January 12, 2025, the defendant initiated a chat with CV-1 on Discord through the defendant's "adrianbro2#0" Discord account. At the outset, the defendant identified himself as "Adrian," and falsely claimed that he was a 16-year-old from the State of Georgia. The defendant asked CV-1 his age and told CV-1 that he always asks so that he knows who he is talking to. CV-1 responded that he was 8 years old. Later in the chat, CV-1 provided his phone number to the defendant which started with a Maryland area code.

The defendant then told CV-1 that he would reveal his face to CV-1, not through a photo which the defendant refused to send, but through a video call. The defendant told CV-1 he was going to have his microphone muted during the call and asked CV-1 to also mute his microphone so that the defendant would not get caught.

The defendant then started a video call with CV-1, who did not originally have his camera on. There is no recording of the video call, but the defendant and CV-1 communicated on the video call by simultaneously messaging each other on Discord. The defendant asked CV-1 if he could see

Defendant's Initials _$\mathcal{IB}$_          26

CV-1, to which CV-1 stated that he was scared and did not feel like it. After the defendant persisted, CV-1 eventually went on camera.

The defendant then steered the topic of conversation towards inappropriate matters. The defendant informed CV-1 that the defendant began the video call while in his underwear and that now CV-1 knows that the defendant wears blue boxers. The defendant then stood up to close the closet door behind him. Afterwards, the defendant asked CV-1 for advice on whether the defendant should urinate on the tile floor in his room or in his boxers because he was too lazy to go to the bathroom. CV-1 told the defendant that he wanted to keep it family friendly. After asking CV-1 which position the defendant should use to urinate in his room and saying he was going to do it, the defendant said that he stopped but asked CV-1 if he should continue because he "had more pee." CV-1 asked the defendant whether the defendant could turn off his camera or if CV-1 could end the call.

However, the call continued. The defendant asked CV-1 to go somewhere more private for the video call, somewhere without family. To lure CV-1 away from his family, the defendant told CV-1 that he would show CV-1 a secret video. The defendant then told CV-1 that he removed his boxers. CV-1 turned off his camera several times, prompting the defendant to repeatedly ask CV-1 to keep his camera on.

Defendant's Initials _*IB*_          27

CV-2 then appeared on camera. The defendant asked CV-1 who CV-2 was, and CV-1 informed the defendant that CV-2 was his 5-year-old brother. The defendant asked if he could meet CV-2. The defendant commented that CV-1 and CV-2 looked similar.

The defendant asked if the victims would like to see something secret. The defendant said he trusted both victims. Before showing the victims the secret thing, the defendant asked whether the victims played the game Roblox or Minecraft. When CV-1 said he played both, the defendant asked CV-1 if he wanted Robux, an in-game currency in the Roblox video game, and whether he preferred Robux or Minecoin, an in-game currency in the Minecraft video game. After confirming that both victims preferred Robux, the defendant asked if he could ask for something in return, a particular request. The defendant first offered to give CV-1 and CV-2 15,000 Robux each. The defendant asked CV-1 again to move to a more private spot. The defendant told CV-1 to take CV-2 with him to that more private spot so that CV-1 and CV-2 could get their Robux and Minecoin.

Before providing CV-1 and CV-2 with his request, he returned to the topic of the secret thing he wanted to show the victims earlier. Before showing it, the defendant asked where CV-2 was and reiterated that CV-2 could also

Defendant's Initials  _𝓘β_          28

watch the secret thing. The defendant told CV-1 that the secret thing was specifically for boys and asked if CV-1 could keep a secret.

The defendant proceeded to show CV-1 a six-minute pornographic video. The defendant told CV-1 that he should get CV-2 so that CV-2 could see the video. CV-1 told the defendant that CV-2 would tell, to which the defendant retorted that CV-2 would not if they offered CV-2 Robux to keep quiet.

The defendant then asked CV-1 if his penis was erect because the video the defendant was showing CV-1 was making the defendant's penis erect. The defendant told CV-1 that his penis was big like in the video but that the defendant's had more hair. The defendant asked if he could show his penis to CV-1. The defendant told CV-1 to "look" and then said, "dont be shy lol show yours too why not lmao[.]" CV-1 told the defendant that he was scared and would not show the defendant his penis. The defendant persisted, asking CV-1 several times to show the defendant his penis. CV-1 continuously refused.

The defendant then offered CV-1 and CV-2 25,000 Robux each for both to show their penises. CV-1 agreed but said the defendant had to subscribe to some of his family members' Youtube channels, which the defendant did.

Once the defendant confirmed that CV-2 was with CV-1, the defendant instructed CV-1 to lock the door of the room they were in. The following

Defendant's Initials  _*IB*_            29

conversation then ensued during which the defendant caused CV-1 to display

his genitals on camera:

| | |
|---|---|
| Defendant: | ok bros |
| Defendant: | listen up |
| Defendant: | heres what i want you to do |
| CV-1: | ok |
| Defendant: | both of you pull your pants down together so your pp's are out |
| Defendant: | then ill tell you the enxt instruction |
| Defendant: | *next |
| CV-1: | ok |
| Defendant: | make sure u stand on camera together pantsless/underwearless |
| Defendant: | so together |
| Defendant: | guys |
| Defendant: | listen carefully |
| Defendant: | or i cant do it |
| CV-1: | did it |
| Defendant: | nope not how i asked |
| Defendant: | both of you |
| Defendant: | drop your pants all the way |
| CV-1: | ok |
| Defendant: | and stand on cam |
| Defendant: | then ill tell you the enxt step |
| Defendant: | *next |
| Defendant: | [CV-2] |
| Defendant: | lower your pants all the way |
| Defendant: | boys |
| Defendant: | youre not listening… |
| CV-1: | did |
| Defendant: | ur not listening tho… |
| Defendant: | im telling you to do one way |
| CV-1: | 3 |
| Defendant: | ur ignoring |

Defendant's Initials ___*IB*___                    30

| | |
|---|---|
| CV-1: | 2 |
| CV-1: | 1 |
| CV-1: | go |
| Defendant: | both together |
| Defendant: | i can tsee |
| Defendant: | lower cam |
| Defendant: | ok heres my next step |
| Defendant: | ok guys |
| Defendant: | stop |
| Defendant: | heres my next step |
| Defendant: | ready? |
| CV-1: | yes |
| Defendant: | ok lower ur cams and then i want you both to rub each others penises like this |
| Defendant: | look |
| Defendant: | like |
| Defendant: | you rub his |
| Defendant: | he rubs yours |
| Defendant: | like this |
| Defendant: | ok? |
| CV-1: | ok |
| Defendant: | but together on cam |
| Defendant: | so I can see |
| Defendant: | don't play around |
| Defendant: | no |
| CV-1: | ok |
| Defendant: | you rub his |
| Defendant: | he rubs yours |
| CV-1: | i did do it |
| Defendant: | alright |
| Defendant: | hold up |
| Defendant: | let me get the coe |
| Defendant: | code |
| Defendant: | good job |
| CV-1: | did it |

Defendant's Initials _$\mathcal{IB}$_    31

In summary, CV-1 lowered his pants and underwear to reveal his genitals for the defendant. CV-2 lowered his pants (but not his underwear) for the defendant. However, The defendant continued to message CV-1 for days after January 12, 2025, but never sent any Robux.

**D. Search Warrant and Interview**

On February 4, 2025, the FBI executed a federal search warrant on the defendant's residence in Orlando, Florida. Concurrent with the execution of the search warrant, the FBI interviewed the defendant, who identified himself as a middle school music teacher who also taught private music lessons to children.

During that interview, the defendant told the FBI that he was not attempting to solicit "him" and that "he was not even gay," before agents mentioned the sex of any victim. The defendant admitted that he "has done bad in the past but only a few times for me." The defendant elaborated that in regard to "bad," he meant having inappropriate conversations with children. The defendant also admitted that he "doesn't really game." The defendant's intention for joining Discord, an online communication platform popular amongst gamers, was to have conversations and have fun sexually. The defendant admitted to talking to children on Discord.

Defendant's Initials _____ *JB*                    32

### E. Additional Victims

Electronic evidence from the defendant's Discord account shows that the defendant attempted to entice a number of other children in a similar way. Whereas CV-1 and CV-2 are the only victims that have been identified to date, evidence from the chats shows that the defendant victimized at least 20 other children.[1]

The defendant had chats with at least 20 individuals who identified themselves as children using his "adrianbro2#0" Discord account. In each of these chats, the defendant attempted to have a video call with the children, made sexual innuendos, showed children pornography, asked children if they masturbated before, or told children he could teach them how to masturbate.

The defendant approached each chat in a similar way. The defendant would connect with Discord users at random and initiate a private conversation with the user. Then, the defendant would introduce himself as "Adrian," a 16-year-old boy from Georgia. The defendant always asked the user their age and where they lived. The defendant continued speaking to the user if they identified themselves as younger than 14 years old. Many of the children told the defendant where they lived, ranging from across the United States to internationally. After the initial exchange of messages, the defendant

---

[1] Law enforcement is currently in the process of attempting to identify these victims and the defendant understands that he may face additional charges in the future for such conduct.

Defendant's Initials _I B_          33

would veer the conversation into more sexually suggestive topics, such as discussing his boxers or needing to urinate.

The defendant would also ask the children if they would like a face reveal. To avoid being caught by a parent or older relative of a child, the defendant would then ask the children to have a video call but with no microphone on. The defendant would tell children that he does not send pictures. The defendant also asked the children to move to somewhere private, somewhere where there were no adults.

Once he got the children on a video call, the defendant would make further sexual advances. Because the defendant did not want audio from the call, the defendant communicated with the children by exchanging messages with them while on camera. The defendant would often ask the children if he could show them something secret that another friend sent him. The secret thing the defendant tried showing, and did show to many children, was pornography. The defendant would show the children pornography as a way to introduce the topic of sex and provide reference points for the children that the defendant could refer back to when talking of his own penis or the children's penis.

From the messages exchanged with the children, it is evident that the defendant often exposed his penis to the children, masturbated on camera with

Defendant's Initials _TB_        34

children, showed himself defecating in his room, showed himself trimming his pubic hair to the children, and even ejaculated while on camera.

The defendant would ask the children to show him their penises. If they did, the defendant would try to push the limit and see how much he could get the children to do sexually. The defendant would ask children to masturbate on camera, and for those who had never masturbated before, the defendant would provide a demonstration on himself so that the children would follow.

When a child would mention having a minor sibling, the defendant would ask the children if they would be willing to perform sexual acts with their sibling. Based on the chats, the defendant was able to convince one 10-year-old child to inappropriately touch the child's 6-month-old sister. The defendant also asked that 10-year-old to put his penis inside of his sister's mouth. When the child refused, the defendant sent purported excerpts from scientific articles about how that would be good for the child's 6-month-old sister. In other instances, the defendant would ask the child he was chatting with to show their sibling and try to get both children to expose themselves.

Most children were reluctant, at least initially, to comply with the defendant's sexual wishes. To combat their reluctance, the defendant would ask some children if they played Minecraft or Roblox and offer them in game currency but only if they complied with his sexual requests. The defendant

Defendant's Initials _JB_    35

would show images of a Paypal account with money and say he was willing to purchase the in-game currency for the children after they performed the sexual acts for him. This enticement worked as some children performed the sexual acts the defendants requested. The defendant never sent the in-game currency he promised them.

The defendant would tell the children that they were his friends and reassure them that he trusted them. If after a few days he did not receive a response from the children or they refused to have a video call, the defendant would threaten to stop being their friend, block them on Discord, or delete his account. The defendant would also call children racial expletives, curse at children, and even threaten to send pictures and videos the defendant claimed to have taken to the children's parents and school should they not comply.

The above is merely a summary of some of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all the events, persons involved, or other information relating to this case.

Defendant's Initials _$\mathcal{J}\mathcal{B}$_ _____       36